[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The petitioner, Luis Agosto, has instituted this habeas corpus action from the conclusions of a disciplinary hearing which found him guilty of causing a disruption in the inmate dining hall at the Cheshire Correctional Institute.
The petitioner on October 31, 1998, was in the dinning room for dinner when Lt. William Wynn, a supervisor at the Institute, observed the actions of Luis Agosto. The report filed by Lt. Wynn states he observed the petitioner yell loudly to another inmate working in the scullery. The supervisor told the petitioner to be quiet and to stay seated on two occasions, which he disregarded in the presence of other inmates who were present. When the Lt. approached the petitioner after feeding was completed the petitioner reacted in a loud manner and in a disruptive way. Lt. Wynn then told two other officers to bring him to his office CT Page 7051 where the petitioner was loud and argumentative. The petitioner was then charged with Impeding Orders.
The petitioner within the disciplinary process requested a hearing regarding the charge imposed. On November 13, 1998, a hearing on the charge was conducted by Lt. Soto who found the petitioner guilty of Causing a Disruption and imposed sanctions. The hearing officer in reaching her decision reviewed the information in the Incident Report as well as statements of witnesses. At the hearing the petitioner claimed he was not yelling, and that Lt. Wynn was not justified in placing charges against him.
The petitioner has filed this appeal claiming his due process rights were violated by his loss of 60 days of good time, and the record of this offense in his file. In Superintendent v. Hill, 472 U.S. 445, 454,105 S. Ct 2768,86 L.Ed.2d 356 (1985) a case involving an inmates loss of good time credits, the Supreme Court of the United States held that the requirement of "a modicum of evidence" is met if there is any evidence in the record that could support the conclusion reached by the disciplinary board . . . Asherman v. Meachum 213 Conn. 38, 53. The fundamental fairness guaranteed by the Due Process Clause does not require courts to set aside decisions of prison administrators that have some bases in fact.
In evaluating the evidence presented, and the questions of credibility which arise between the parties involved and the witnesses' statements, this court finds that the conclusions reached by the hearing officer were supported by the record. Therefore, the relief requested by the petitioner in this habeas corpus action is denied and judgment shall enter for the respondent.
Howard F. Zoarski Judge Trial Referee